# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. JONES,<br>    Plaintiff,<br>  v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>    Defendant. | NO. CV 17-1641-KS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

David D. Jones ("Plaintiff") filed a Complaint on March 1, 2017, seeking review of the denial of his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (Dkt. No. 1.) The parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11, 20-21.) On November 17, 2017, the parties filed a Joint Stipulation. (Dkt. No. 19 ("Joint Stip.").) Plaintiff seeks an order reversing the Commissioner's decision and remanding the matter for an award of benefits or, in the alternative, for further administrative proceedings. (Joint Stip. at 14-15.) The Commissioner requests that the

1

ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*Id.* at 15 and n.3.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On February 19, 2014, Plaintiff, who was born on January 26, 1968, protectively filed an application for a period of disability and DIB. (Administrative Record ("AR") 19, 113-14.) Plaintiff alleged disability commencing on September 10, 2013 due to "imbalance," "headaches," and "weakness." (AR 58.) His "date last insured" for DIB eligibility was September 30, 2013. (AR 19.) After the Commissioner denied Plaintiff's application initially (AR 58-62), Plaintiff requested a hearing (AR 72-73).

At a hearing held on July 14, 2015, at which Plaintiff appeared with counsel, an Administrative Law Judge ("ALJ") heard testimony from Plaintiff and a vocational expert. (AR 32-57.) On August 12, 2015, the ALJ issued an unfavorable decision denying Plaintiff's application for a period of disability and DIB. (AR 19-24.) On January 17, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1-4.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of September 10, 2013 and that Plaintiff had the following severe impairments: degenerative changes of the lumbar spine, and numbness and tingling of the skin. (AR 21.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in the Commissioner's Listing of Impairments. (*Id.*) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work as defined by 20 C.F.R. § 404.1567(c). (AR 22.) Based on the testimony of a vocational expert ("VE"),

the ALJ found that Plaintiff could perform his past relevant work as a sales exhibitor, both as he actually performed it and as it is generally performed in the national economy. (AR 23.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citation omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). However, the Court may review only the reasons stated by the ALJ

in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

## DISCUSSION

Plaintiff alleges the following two errors: (1) the ALJ failed to account for all of the relevant medical evidence of Plaintiff's impairments on or before his date last insured; and (2) the ALJ failed to properly evaluate whether Plaintiff could return to his past relevant work. (Joint Stip. at 3.) For the reasons discussed below, the Court concludes that these issues do not warrant reversal of the ALJ's decision.

**I.     Plaintiff's Impairments On Or Before The Date Last Insured (Issue One)**

Plaintiff contends that the ALJ's determination that Plaintiff had an RFC for a full range of medium work failed to account for relevant evidence of medical impairments that existed on or before Plaintiff's date last insured of September 30, 2013. (Joint Stip. at 3-6.)

**A.     Applicable Law**

A claimant's RFC represents the most a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998). An ALJ's RFC determination "must set out *all* the limitations and restrictions of the particular claimant." *Valentine v. Comm'r SSA*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original) (citation omitted).

4

"At all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (citing *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir.1995)). Disability insurance benefits are payable to claimants who demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The clamant must demonstrate that he had a disability that existed on or before his date last insured. *Tidwell*, 161 F.3d at 601 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995)). The claimant must satisfy this burden by producing complete and detailed objective medical reports from licensed medical professionals. *Johnson*, 60 F.3d at 1432.

**B.     Analysis**

In determining Plaintiff's RFC on or before the date last insured of September 30, 2013, the ALJ accounted for Plaintiff's degenerative changes in the lumbar spine, as well as numbness and tingling of the skin. (AR 21.) Plaintiff alleges that he had other impairments that the ALJ failed to properly consider. (Joint Stip. at 3-6.) First, the ALJ allegedly failed to properly consider Plaintiff's "long-standing back problem with chronic back pain and numbness and tingling of the left leg." (*Id*. at 4.) Second, and more significantly, the ALJ allegedly failed to properly consider a host of symptoms arising from the deterioration of a temporal bone in Plaintiff's skull: "a vestibular or visual disturbance characterized by recurrent dizziness, instability, headaches and a vision problem called Oscillopia"; and a condition called "superior semicircular canal dehiscense [sic] syndrome," characterized by "Tullio's phenomenon," "oscellopsia," "brain fog," headaches, drowsiness, concentration problems, imbalance, and "myokymia-like" symptoms. (*Id*. at 4-6.)

//
//

The impairments and symptoms cited by Plaintiff did not render the ALJ's decision legally erroneous or unsupported by substantial evidence. As an initial matter, Plaintiff's allegation of a "long-standing back problem with chronic back pain and numbness and tingling of the left leg" is unaccompanied by any evidence of functional limitations arising from those conditions that were any more restrictive than the ALJ's RFC determination for medium work. The only evidence in the medical record of symptoms in Plaintiff's back and left leg is a treatment note from September 2013. (AR 182-89.) At that time, his examination was normal (AR 184), the symptoms in his back and leg had "minimal if any impact on functionality" (AR 185), and he was prescribed conservative treatment consisting of naproxen, icing, exercises, and topical treatments (AR 186). No physician opined that Plaintiff had any significant limitations because of problems in his back and left leg. Based on this record, the ALJ did not err by failing to properly consider these conditions in determining Plaintiff's RFC on or before the date last insured.

Likewise, Plaintiff's allegation of various symptoms arising from superior semicircular canal dehiscence syndrome is unsupported by any objective medical evidence establishing the existence of any such symptoms on or before the date last insured of September 30, 2013. The only clear evidence of symptoms for the relevant time is Plaintiff's own testimony that he had been experiencing debilitating symptoms since the temporal bone in his skull deteriorated in May 2012. (AR 37-38, 42-44.) But a claimant's subjective pain testimony, unaccompanied by objective medical evidence, is insufficient to establish the existence of a disability for the relevant period. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (holding that an ALJ may properly disregard pain complaints by pointing to the absence of objective medical findings or evidence of a disabling impairment for the relevant time); *see also Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986) (noting that subjective complaints of pain must be accompanied by medical evidence and can be disregarded if unsupported by clinical findings); *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985) (same). Plaintiff has not presented any objective medical evidence that his

condition became disabling in May 2012, and his testimony that it did is inconsistent with his allegation of a disability onset date of September 10, 2013. Plaintiff's subjective complaints carry even less force here because the ALJ determined that his complaints were "not entirely credible" (AR 22), a determination which Plaintiff does not challenge. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (affirming ALJ's non-disability determination where the ALJ properly rejected a claimant's "unsupported, self-serving statements" about her symptoms for the period before the expiration of her insured status).

Although the objective medical record contains three references to the fact that Plaintiff does have superior semicircular canal dehiscence syndrome, each of the references was made *after* the date last insured. The fact that the objective medical evidence postdates the date last insured, by itself, is not dispositive. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis.") (citing *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985)). However, in the circumstances here, the three medical references to Plaintiff's superior semicircular canal dehiscence syndrome are insufficient to satisfy Plaintiff's burden to show he was disabled on or before September 30, 2013.

First, a CT scan from October 2013 established "dehiscence of the right superior semicircular canal" and "possible dehiscence (versus thin layer of bone) of the left superior semicircular canal." (AR 207.) This diagnosis alone, however, is insufficient to prove disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."). Plaintiff must also show that his condition was so functionally limiting as to prevent him from engaging in any substantial gainful activity for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A). Because the October 2013 CT scan is unaccompanied by any objective medical evidence of

contemporaneous symptoms that were disabling, it fails to satisfy Plaintiff's burden to show he was disabled on or before the date last insured.

Indeed, the second medical reference, a treatment note from December 2013, convincingly refutes Plaintiff's allegations of disabling symptoms for the relevant period. During that visit, Plaintiff did report an episode from May 2012 (when he felt "weird" after repeatedly moving his head up and down) that left him in bed for two weeks with dizziness, but he reported no further similar episodes. (AR 176-77.) Although the earlier October 2013 CT scan was acknowledged, the physician observed that Plaintiff was "without symptoms usually associated with dehiscent semicircular canal syndrome." (AR 177.) Specifically, Plaintiff had "[n]o hearing loss, no worsening of symptoms with straining, he does not hear his eyes move. No echoing of his own voice." (*Id.*) Plaintiff was instructed to call the physician "if he develops any of the symptoms associated with dehiscent superior semicircular canal." (*Id.*)

Based on this evidence, substantial evidence supported the ALJ's conclusion that Plaintiff did not have a disabling condition on or before September 30, 2013. *See Tidwell*, 161 F.3d at 601 (affirming ALJ's non-disability determination where the claimant's representations to her physician were inconsistent with the existence of a disabling back condition prior to the expiration of her insured status); *see also Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991) (same where the medical evidence showed claimant's condition before the expiration of his insured status was "unremarkable" and without acute abnormalities).

Third, a treatment note from April 2014 reflects that Plaintiff complained of a "visual disturbance," for which he was diagnosed with "[u]nclear myokymia-like symptoms," or eyelid twitching. (AR 210-12.) Although the ophthalmologist noted Plaintiff had been diagnosed with "dehiscence of left semicircular canal," the visual disturbance was not

8

attributed to that condition because it "doesn't fit the symptoms." (AR 212.) Upon examination, both of Plaintiff's eyes had no significant findings (AR 211-12), and he was instructed to return to the ophthalmologist's office in one year (AR 214). Based on these benign findings, this evidence also was insufficient to satisfy Plaintiff's burden of showing he was disabled on or before September 30, 2013. *See Morgan*, 945 F.2d at 1081.

In sum, Plaintiff failed to carry his burden of producing sufficient objective medical evidence of a disabling condition prior to the expiration of his insured status. *See Johnson*, 60 F.3d at 1432. Indeed, as the ALJ observed (AR 21), the record contains scant evidence of any medical treatment for the relevant time. *See Flaten*, 44 F.3d at 1464 (stating that the minimal treatment afforded to claimant's impairment "fully support[ed] the ALJ's decision to discredit [claimant's] testimony and find that her impairment during the intervening period had not rendered her disabled before the expiration of her insured status"). This issue therefore does not warrant reversal of the ALJ's decision.

## II. **Plaintiff's Ability To Perform His Past Relevant Work (Issue Two)**

Plaintiff contends that the ALJ failed to properly evaluate whether Plaintiff could return to his past relevant work as a sales exhibitor. (Joint Stip. at 9-12.)

### A. Applicable Law

At step four of the Commissioner's sequential evaluation process, a claimant has the burden of showing that he can no longer perform his past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); 20 C.F.R. § 404.1520 (e). The ALJ still has a duty at step four to make specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional

capacity to the past work. *Pinto*, 249 F.3d at 844-45 (citing Social Security Ruling ("SSR") 82-62).

An ALJ's determination of whether a claimant is capable of performing his past relevant work may be based on *either* the past relevant work as performed by the claimant *or* the past relevant work as generally performed in the national economy. *See Pinto*, 249 F.3d at 845 ("We have never required explicit findings . . . regarding a claimant's past relevant work both as generally performed *and* as actually performed.") (emphasis in original); *Matthews*, 10 F.3d at 681; *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987). Sources of information about the requirements of past relevant work as it was actually performed by a claimant may include a properly completed vocational report and the claimant's own testimony. *See Pinto*, 249 F.3d at 845-46; SSR 82-61, 1982 WL 31387, at *2; SSR 82-41, 1982 WL 31389, at *4. The best source of information for how a claimant's past relevant work is generally performed in the national economy is the Dictionary of Occupational Titles ("DOT"). *See Pinto*, 249 F.3d at 845; *see also Johnson*, 60 F.3d at 1435; 20 C.F.R. § 404.1566 (d).

**B. Analysis**

Plaintiff's argument has two parts. First, Plaintiff argues that the VE's testimony, which the ALJ credited at step four, lacked evidentiary value because it did not account for all of Plaintiff's physical impairments and symptoms before the expiration of his insured status, as discussed above. (Joint Stip. at 10-11.) And for the first time, Plaintiff argues that he had psychiatric or mental symptoms the ALJ failed to consider. (*Id*. at 10.) The record, however, contains no objective medical evidence of any psychiatric or mental symptoms. And as discussed at length above, Plaintiff failed to produce objective medical evidence of any significant functional limitations from his physical impairments, particularly his superior

semicircular canal dehiscence syndrome. This part of Plaintiff's argument therefore does not warrant reversal of the ALJ's decision.

Second, Plaintiff argues that the ALJ erred by failing to "line up all of the requirements of the past relevant work on the one side, and counterpoise those requirements against the claimant's limitations." (Joint Stip. at 11.) In other words, Plaintiff is not challenging the result of the ALJ's step four determination, but is only arguing that the ALJ erred by failing to provide sufficient details about how he reached that determination. (*See id.* at 12.)

An ALJ's determination at step four must include factual findings that are sufficiently specific to permit a reviewing court to conduct meaningful judicial review. *See Pinto*, 249 F.3d at 847. The ALJ must make the following specific findings of fact: (1) a finding of fact as to the individual's RFC, (2) a finding of fact as to the physical and mental demands of the past job/occupation, and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation. SSR 82-62, 1982 WL 31386, at *4. The ALJ made each of these findings here. First, the ALJ made a finding of fact that Plaintiff had an RFC for a full range of medium work. (AR 22.) Second, the ALJ made a finding of fact that the physical and mental demands of Plaintiff's past job/occupation as a sales exhibitor contemplated either light, semi-skilled work as it is generally performed in the national economy or medium work as Plaintiff actually performed it. (AR 23, 54.) Third, the ALJ made a finding of fact that Plaintiff's individual RFC would permit a return to his past job or occupation, as it is both generally and actually performed. (AR 23.)

Plaintiff argues that the ALJ's factual findings in this regard were inadequate because "an ALJ cannot describe a claimant's job in a generic way (i.e., sedentary, light, medium) and conclude, on the basis of the claimant's residual functional capacity, that a claimant can perform previous work. Instead, the ALJ must list the specific physical requirements of the

1  previous job and assess in light of the available evidence, the claimant's ability to perform
2  these tasks." (Joint Stip. at 11-12.)  Yet Plaintiff has not demonstrated why it was necessary
3  for the ALJ to provide this additional explanation here.  It was clear from the record that the
4  ALJ's factual findings about the specific physical requirements of Plaintiff's past relevant
5  work were based on the corresponding DOT classification of the job as it is generally
6  performed (DOT 279.357-010) and Plaintiff's own detailed testimony about the job as it was
7  actually performed.  (AR 23, 51-53).  Either source, by itself, was sufficient to support the
8  ALJ's factual finding at step four about the demands of Plaintiff's past relevant work.  *See*
9  *Pinto*, 240 F.3d at 845.  Significantly, Plaintiff has not cited any portion of the DOT
10 classification or his own testimony to argue that his past relevant work had any requirements
11 he could not perform.  Indeed, the DOT classification, which describes the occupation of
12 sales exhibitor as light and semi-skilled, is clearly less demanding than Plaintiff's RFC for a
13 full range of medium work.  *See* DOT 279.357-010.

   Because the basis of the ALJ's step four determination was clear from the record, this
case is distinguishable from other cases in which the ALJ's step four determination was
unaccompanied by sufficiently specific findings.  *Cf. Carmickle v. Comm'r, SSA*, 533 F.3d
1155, 1167 (9th Cir. 2008) (holding that an ALJ's step four determination was insufficiently
specific because it was unclear from the record what DOT classification the VE was relying
upon) (citing *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001)).  The ALJ's factual
findings at step four were sufficiently specific for the Court to determine the precise basis for
his conclusion that Plaintiff could return to his past relevant work as a sales exhibitor, both
as actually and generally performed.  Thus, this part of Plaintiff's argument also does not
warrant reversal of the ALJ's decision.

//
//
//
//

# CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: April 20, 2018

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE